IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH VINCENT PENA,

    Petitioner,                       No. CIV S-06-2753 DFL KJM P

    vs.

TONY HEDGPETH, Warden, et al.,[1]

    Respondents.              ORDER AND

_____/   FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing

/////

---

[1] Petitioner has informed the court that the warden at his institution has changed. Therefore Tony Hedgpeth is hereby substituted as a respondent in this action for Michael Knowles. See Fed. R. Civ. P. 25(d).

§ 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Petitioner also asks that this action be stayed pending the exhaustion of state court remedies with respect to claims 1, 2, 4, 5, 8, 11, 12 and 13 in his habeas application. In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 1535 (2005), the Supreme Court recognized the district court's authority to stay a mixed petition for writ of habeas corpus if the court finds good cause for petitioner's failure to exhaust earlier and potential merit to the claims petitioner is seeking to exhaust.

The court finds that petitioner has not established good cause for his failure to exhaust state court remedies. Petitioner asserts he was not made aware of his new claims until he received assistance from another inmate and this is why petitioner must now return to state court. But lack of knowledge with respect to a particular rule or law rarely, if ever, provides justification for failure to comply with that rule or law. See <u>Pincay v. Andrews</u>, 351 F.3d. 947, 951 (9th Cir. 2003) ("No axiom is more familiar than 'Ignorance of the law is no excuse.'"). In the habeas context, it has been specifically held that ignorance of the law cannot provide a basis for excusing procedural default, <u>e.g.</u>, <u>Washington v. James</u>, 996 F.2d 1442, 1447 (2d Cir. 1993), and cannot provide a basis for tolling the statute of limitations, <u>e.g.</u> <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). There does not appear to be any reason to depart from the general principle that ignorance of the law cannot excuse compliance with that law in this case. Therefore, the court will recommend that petitioner's motion for a stay be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted.

2. Petitioner's December 6, 2006 motion for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Petitioner's December 6, 2006 request for a stay be denied.

2. Petitioner be ordered to inform the court within thirty days of any order adopting the foregoing findings and recommendations whether he wishes to proceed on his exhausted claims, or dismiss this matter without prejudice.[2]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2007.

_____
U.S. MAGISTRATE JUDGE

1/mp;
pena2753.sty(12.6.06)

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).