**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSEPH VINCENT PENA, |

   Petitioner, |

    v.  |

MICHAEL KNOWLES, et al., |

   Respondent. |

_____ |

No. 2:06 CV 02753 AWT

ORDER OF DISMISSAL

<u>**Facts**</u>

Petitioner Joseph Vincent Pena is serving a 125 year-to-life sentence in the

Kern Valley State Prison, Delano, California.  The sentence stems from a 2003

conviction for one count of petty theft (CAL. PENAL CODE § 484[1]), three counts of

---

[1]Hereafter all sections refer to the California Penal Code unless otherwise
stated.

first degree robbery (§ 211), one count of second degree burglary (§ 459), four

counts of false imprisonment (§ 236), and one count of assault with a firearm (§

245(a)(2)), following a jury trial.  On appeal, the California Court of Appeal

affirmed the judgment of conviction.  The California Supreme Court denied

review.  Subsequent state petitions for writs of habeas corpus were denied by the

Superior Court, the Court of Appeal, and the California Supreme Court.

On October 3, 2007, petitioner filed his currently-pending Amended Federal

Petition for Writ of Habeas Corpus.  Respondent Knowles ("the "State") filed an

answer; a reply has not been ordered.

## Discussion

In his petition, petitioner raises the following 14 grounds for relief.  For the

following reasons, the court finds and concludes that each is unmeritorious.

*1.   Conviction of uncharged crime obtained by prosecutorial constructive*

*amendment of the charging information in violation of the Fifth Amendment.*

The State charged petitioner with first Degree Residential Burglary.

Petitioner claims that the prosecutor constructively amended this charge by

arguing in his closing argument that "[w]e have to prove that Mr. Pena entered

into a building."  Petitioner argues that this statement "lowered the threshold of

the burglary charge" from First Degree to Second Degree because "building" not

only included the residence in question, but also entry into an uninhabited shed on

the property.  The jury ultimately convicted Petitioner of Second Degree Burglary.


The State correctly argues that this claim is procedurally defaulted

due to the contemporaneous objection rule and under *In re Dixon*, 41 Cal. 2d 756,

759 (1953) (hereinafter the "*Dixon* Bar").  The issue was not raised on direct

appeal; therefor, it cannot be raised in a habeas petition.  In any event, the

prosecutor's use of the term "building" did not amend the charges because

"inhabited dwelling house" has a broad meaning in California law.  Furthermore,

the Fifth Amendment was not violated because petitioner was on notice that he

could be convicted of either First or Second Degree Burglary.   Finally, there was

no prejudice because petitioner was <u>not</u> convicted of First Degree Burglary.

*2.  Inconsistent Verdicts*.

The State charged petitioner with robbery and burglary in three separate

incidents.  In the first incident, the jury found Petitioner guilty of First Degree

Robbery (count 5) and Second Degree Burglary (count 6).  In the second and third

incidents, the jury found petitioner guilty of First Degree Robbery (counts 11 &

14), but not guilty of First Degree Burglary (counts 8 & 15).

Petitioner argues that each of these convictions, when paired together, are

inconsistent.

   This claim also is procedurally defaulted under the contemporaneous
objection rule and the *Dixon* Bar.  The issue was not raised on direct appeal;
therefor, it cannot be raised in a habeas petition.  Also, as the State correctly
argues, petitioner has failed to raise any federal claims because there is no clearly
established federal law holding that inconsistent verdicts are unconstitutional.
Finally, and in any event, examination of the verdicts disclosed that they are not,
in fact, inconsistent.

   3. *Unwarranted identification secured through unnecessary presence,*
*inappropriate questioning, and suggestive means.*

   Petitioner argues that the prosecutor committed misconduct when he
utilized impermissibly suggestive methods to secure identification evidence of
petitioner's co-defendant.  During the trial, a witness, who did not earlier identify
the co-defendant in a line up, nevertheless identified the co-defendant in court.
Petitioner claims the improper identification of his co-defendant lead to the
improper assumption that he was also present at the charged crime.  When this
occurred, petitioner moted for a new trial, but the motion was denied.

   Examination of the trial record reveals, however that the prosecution's
identification process did not amount to a due process violation.  Second, and in

any event, even assuming that there was a due process violation, petitioner cannot

show how the identification of his co-defendant prejudiced him.

    4.  *Juror misconduct.*

    Petitioner argues that one of the juror committed misconduct when he spoke

to a "key" prosecution witness during trial.  Juror 10 spoke with victim/witness

James Irish, asking him "where 34th street was located" and "whether the New

Testament Baptist Church was in the area."  At this point the prosecutor

interrupted their conversation.  The trial judge elected not to dismiss the juror.

    This claim also is procedurally defaulted under the contemporaneous

objection rule and the *Dixon* Bar.  The issue was not raised on direct appeal;

therefore, it cannot be raised in a habeas petition.  In any event, it is easy to

conclude that the misconduct did not have a substantial and injurious effect or

influence on the verdict.  The state court's conclusion that any presumption of

prejudice had been rebutted was neither contrary to nor an unreasonable

application of federal law.

    5-14.  *Petitioners's remaining claims involve denial of effective assistance*
        *of*

*counsel.*

    Petitioner claims ineffective assistance of counsel ("IAC") for several

asserted reasons, including at closing argument, regarding the constructive amendment of the indictment, inadmissable, hearsay evidence, suggestive identification, the unnecessary presence of the co-defendant, inconsistent verdicts, the prosecutor's closing argument, joinder, and cumulative trial errors.  He also claims IAC on direct appeal.

The court agrees that none of the above claims meets the constitutional IAC standard under *Strickland v. Washington*, 466 U.S. 668 (1984), and that the California Court of Appeal's ruling on each of these claims is entitled to deference by this court.  Because the state court did not unreasonably apply *Strickland*, it is unnecessary to examine factually each of petitioner's IAC claims.

<u>**Conclusion**</u>

The court determines under Rule 8(a) of the Rules Governing § 2254 Cases in the U.S. District Courts that no evidentiary hearing is required.  The court further determines, as the foregoing examination of petitioner's allegations reveals, that the petition fails to state a viable claim for relief under federal law. Accordingly, the amended petition for writ of habeas corpus is **DISMISSED.**

Dated: July 18, 2009

> */s/ A. Wallace Tashima*
> United States Circuit Judge

Sitting by designation.